UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**DAVID MEYERS,**  :

                Plaintiff,  :

     – against –  :  **MEMORANDUM DECISION AND ORDER**

**SPECIAL NEEDS X-PRESS, INC.,**  :  21-CV-185 (AMD)(CLP)

                Defendant.  :

 :

------------------------------------------------------------ X

ANN M. DONNELLY, United States District Judge:

David Meyers, who is incarcerated at Sussex I State Prison in Waverly, Virginia, submitted a *pro se* complaint on December 27, 2020. (ECF No. 1.) In an order dated April 14, 2021, the Court *sua sponte* dismissed the action because the allegations in the complaint did not state a claim and because the Court does not have subject matter jurisdiction over the action. (ECF No. 9.) The plaintiff now moves for reconsideration. (ECF No. 10.) For the reasons that follow, the plaintiff's motion for reconsideration is denied.

## BACKGROUND

On December 27, 2020, the plaintiff filed a complaint alleging RICO claims against the defendant. (ECF No. 1 at 1-2.) He also requested forms to file a § 1983 action. (*Id.* at 2.) The plaintiff alleged that Special Needs X-Press, Inc. did not deliver printed materials that he ordered, and did not refund the purchase price. (*Id.* at 1.) Initially, the plaintiff did not submit the filing fee or apply to proceed *in forma pauperis* ("IFP"). Thus, on January 14, 2021, the Clerk's Office sent him a letter directing him either to pay the filing fee or submit completed IFP forms within 14 days. (ECF No. 2.) The 14 days passed, and the Court did not receive the forms or any notice that the plaintiff did not receive the letter from the Clerk's Office. Accordingly, by order dated February 25, 2021, the Court dismissed the action without prejudice. (ECF No. 4.)

On March 29, 2021, the Court received the plaintiff's letter in which he stated that he never received the Court's letter or attached IFP forms. (ECF No. 5.) He requested that the dismissal be vacated and that he be given additional time to cure the filing deficiency. (*Id.*) On April 5, 2021, the Court received the plaintiff's completed IFP forms. (ECF Nos. 6, 8.) On April 14, 2021, the Court granted the plaintiff's motion to reopen, granted the plaintiff's IFP motion and dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction. (ECF No. 9.) On May 6, 2021, the Court received a letter from the plaintiff requesting to "recall Judge Donnelly['s] dismissal order" and "for relief pursuant to Rule 60b3." (ECF No. 10.) He states: "I move the Court to re-open this action and vacate collection of court filing fees, transfer sever [*sic*] case to VA and vacate the dismissal order." (*Id.* at 4.)

## STANDARD OF REVIEW

Rule 59 of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a court's judgment within 28 days after entry of judgment. Rule 60(b) permits the Court to relieve a party from a final judgment in specified circumstances, including "fraud ..., misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." The standard is high. Reconsideration generally will be denied unless the moving party can point to either controlling decisions or factual matters that the Court overlooked, and which, had they been considered, might have caused the Court to reach a different result. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*,

490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided.").

## DISCUSSION

Reconsideration is not warranted because the plaintiff has not identified any legal or factual issue that this Court overlooked in dismissing his action. Instead, he reiterates his generalized claims that the defendant committed mail fraud and racketeering by failing to deliver magazines he alleges to have purchased. (ECF No. 10 at 2.) He does not include new facts or legal arguments that establish a RICO violation. Thus, the Court will not reconsider its conclusion that the complaint does not state a RICO claim.

The plaintiff's allegations of "fraud" likewise fall short. He asserts that there is "criminal spirituality" between the Court and the defendant, because both are in New York; according to the plaintiff, New Yorkers "aid and abet crimes" committed by other New Yorkers. (ECF No. 10 at 1.) He also claims that the Court committed "fraud upon the court;" he maintains that the Court "hussled [*sic*] and conned [him] to sign and submit the authorization to collect 350.00 for this case," and then dismissed his case. (*Id.* at 4.) There was no fraud. The plaintiff filed his case in the New York federal court. A New York federal judge thus decided his case. Indeed, New York judges routinely decide cases involving New York-based litigants. Nor does the payment of the filing fee mean that a litigant is guaranteed a favorable result, as the plaintiff surely must be aware.[1]

---

[1] The plaintiff has filed actions in other federal courts and appears to be familiar with district court practices and procedures. *See, e.g., Meyers v. Roanoke U.S. Att'y*, No. 19-CV-00573, 2019 WL 4247833 (W.D. Va. Sept. 6, 2019) (taking notice of Mr. Meyers' 35 prior actions in that court and issuing a pre-filing injunction against him), *appeal dismissed sub nom.*, No. 19-7363, 2020 WL 1488171 (4th Cir. Mar. 13, 2020); *Meyers v. Chief Exec. Officer of JPay Corp.*, No. 20-CV-24928, 2020 WL 8676048, at *2 (S.D. Fla. Dec. 7, 2020) ("Since Petitioner is a three-striker for purposes of § 1915(g), dismissal of this case is warranted."); *Meyers v. Clarke*, 776 F. App'x 145, 146 (4th Cir. 2019) (identifying Mr. Meyers as "a Virginia inmate and three-striker").

Nor will I reconsider the decision not to permit the plaintiff to file an amended complaint. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (A *pro se* plaintiff ordinarily should be given an opportunity to amend the complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated."). However, "[w]here a proposed amendment would be futile, leave to amend need not be given." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). The Court concluded that the complaint, in addition to not stating a RICO claim, did not establish diversity jurisdiction. The plaintiff's assertion that he can "cure this complaint under diversity jurisdiction in the amount of 75,000" by amending to incorporate claims for "mental anguish, unwanted pain, [and] injury," including cardiac arrest, caused by the defendants' alleged mail fraud and racketeering, is not persuasive. (ECF No. 10 at 4.) Dismissal of a proposed diversity action is warranted where it appears "to a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982). Putting aside the implausibility that the plaintiff suffered $75,000 worth of emotional and physical suffering from a $100 dispute over an alleged magazine purchase, the complaint does not in any way suggest that the plaintiff suffered "mental anguish" or cardiac arrest. Rather, the plaintiff claimed that he paid Special Needs X-Press Inc. $100 for "modeling magazines," and that Special Needs X-Press Inc. cashed his money orders and refused to refund the money. (ECF No. 1 at 1.) Adding these new claims for the first time does not "show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (alteration omitted). Amendment

would be futile. Thus, it was not an error to dismiss the complaint without giving the plaintiff leave to amend.

The plaintiff also reasserts his claims against prison officials at Sussex I State Prison in Waverly, Virginia, although the complaint does not name these individuals as defendants. (ECF No. 1 at 1, 3.) The plaintiff argues that "all U.S. District Courts have original jurisdiction" over his claims against the Virginia-based officers under the Ku Klux Klan Act of 1871, which was later codified at 42 U.S.C. § 1983. (ECF No. 10 at 4.) But the issue is venue, not jurisdiction. Section 1983 claims may be filed only in a judicial district in which a defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b); *see also, Jackson v. Bertone*, No. 20-CV-1092, 2020 WL 6385066, at *5 (N.D.N.Y. Oct. 30, 2020) ("The relevant venue provision for a Section 1983 action is 28 U.S.C. § 1391(b)."); *Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *7 (E.D.N.Y. Mar. 17, 2009) ("The venue provision set forth in Section 1391(b) of Title 28, United States Code, governs cases . . . involving questions of federal law, including civil rights claims under Section 1983."). Accordingly, as the Court explained in its April 14, 2021 order, the plaintiff must bring any civil rights claims against the Virginia-based officers in the United States District Court for the Eastern District of Virginia.[2]

## CONCLUSION

The plaintiff's motion does not present any change in facts or controlling law that the Court overlooked, nor any fraud or exceptional circumstances that would alter the Court's

---

[2] The plaintiff suggests that the Court should transfer this action to the United States District Court for the Eastern District of Virginia. (ECF No. 10 at 4.) The Court is permitted to transfer an action from an incorrect venue to a proper one when doing so is "in the interest of justice," 28 U.S.C. § 1406(a), but the complaint does not name the officers as defendants or assert specific claims against them. Thus, it would not be in the interest of justice to transfer the case.

original conclusion or justify relief from the judgment. Accordingly, the plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to send a copy of this Memorandum and Order to the plaintiff.

**SO ORDERED.**

                                                                   s/Ann M. Donnelly
                                                                   _____
                                                                   ANN M. DONNELLY
                                                                   United States District Judge

Dated: Brooklyn, New York
       June 17, 2021